Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MUELLER INDUSTRIES, INC., AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: CV 18-5729-GW(GJSx)<br><br>**CONSENT DECREE AND ORDER** |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Mueller Industries, Inc. and its subsidiaries hereby stipulate and agree to entry of this Consent Decree ("Decree") to resolve the Commission's complaint against Defendant in U.S. Equal Employment Opportunity Commission v. Mueller Industries, Inc., et al., Case No. 2:18-cv-05729-GW-GJS (the "Action"). This Decree applies to Defendant Mueller Industries, Inc.'s facilities nationwide, including but not limited to its following subsidiaries: B&K, LLC; Extruded Metals, Inc.; Howell Metal Company, Inc. (only for conduct occurring after October 17, 2013); Lincoln Brass Works, Inc.; Linesets, Inc.; Micro Gauge, Inc. dba Microgauge Machining, Inc.; Mueller Brass Company; Mueller Brass Forging Company, Inc.; Mueller Copper Tube Company, Inc.; Mueller Copper Tube Products, Inc.; Mueller Fittings Company, Inc.; Mueller Fittings Company, LLC; Mueller Impacts Company, Inc.; Mueller Packaging, LLC; Mueller Plastics Corporation, Inc.; Mueller Refrigeration, LLC; Mueller Streamline, Co.; Overstreet-Hughes Co. Inc. dba Fabricated Tube Products; Precision Tube Company, LLC; Propipe Technologies, Inc.; Sherwood Valve, LLC (only for conduct occurring after June 18, 2015); Turbotec Products, Inc. (only for conduct occurring after March 30, 2015); and Westermeyer Industries, Inc. (only for conduct occurring after August 12, 2012); and Mueller Copper Tube West Co., (only for conduct occurring after March 20, 2017) (collectively referred as "Defendant").

On June 28, 2018, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991. The Action alleges Defendant discriminated against George Molina, Brandon Pickelhaupt, and a class of similarly aggrieved individuals due to their disabilities when Defendant failed to excuse disability-related absences, or provide additional time off as a reasonable accommodation to individuals with disabilities, or individuals that were perceived as disabled that lead to their termination.

//

//

# I.   PURPOSES AND SCOPE OF THE DECREE

A.     The EEOC and Defendant (collectively, the "Parties") agree that this Action should be fully and completely resolved by entry of this Decree.  This Decree shall be binding on and enforceable against Defendant and its parents, subsidiaries, officers, directors, agents, successors, and assigns.

B.     The Parties have entered into this Decree for the following purposes:

     1.     To provide appropriate monetary and injunctive relief;

     2.     To ensure that Defendant's employment practices comply with federal law;

     3.     To ensure a work environment free from discrimination, specifically as it relates to the manner in which leave of absence and attendance policies are administered as to individuals with disabilities;

     4.     To modify Defendant's leave of absence and attendance policies, procedures, and practices regarding time away from work necessary for individuals with disabilities;

     5.     To ensure training for Defendant's employees with respect to the pertinent laws regarding the interplay between leave of absence and attendance policies and their applicability to individuals with disabilities;

     6.     To provide an appropriate and effective mechanism for handling complaints related to the application of leave of absence and attendance policies to individuals with actual or perceived disabilities who require time off as an accommodation;

     7.     To ensure effective record-keeping procedures; and

     8.     To avoid the expensive and protracted costs incident to this litigation.

C.     The scope of this Decree applies to Defendant's facilities nationwide unless otherwise indicated in this Decree.

//

//

## II.   **RELEASE OF CLAIMS**

A.      This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in this Action.

B.      Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the ADA, ADAAA, or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures as this Decree only resolves the issues, claims, and allegations raised by the EEOC against Defendant in this Action.

## III.   **JURISDICTION**

A.      The Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable, and just.

C.      This Decree conforms to the Federal Rules of Civil Procedure and the ADA/ADAA, and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

## IV.   **EFFECTIVE DATE AND DURATION OF DECREE**

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two and a half (2.5) years after the Effective Date.

//

## V.  MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.    If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.    By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

## VI.  COMPLIANCE AND RESOLUTION

A.    The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached.  Defendant shall have sixty (60) days from the written notice to attempt to resolve or cure the breach.  The Parties may agree to extend this period upon mutual consent.

B.    After sixty (60) days to resolve or cure the breach referenced in Section VI.A., have passed from the written notice with no resolution or agreement to extend the time, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time that the Court finds the Decree was not complied with and/or any other relief that the Court may deem appropriate.

C.    In the event of exigent circumstances, EEOC may petition the Court for resolution of the dispute without the adhering to provisions described in Section VI.

//

# VII. MONETARY RELIEF

Defendant agrees to pay a total gross sum of $1,000,000.00 to resolve this Action. The total gross sum is inclusive of all individual monetary relief and "Class Fund" monetary relief, as defined and specified below. The EEOC has full and complete discretion under the terms of this Decree to determine who is a Claimant and to determine the amount and characterization of any payment, if any, to the Charging Parties and/or Claimants.

A. Monetary Relief for Charging Parties and Identified Claimants

1. The EEOC shall provide to Defendant a Distribution List designating each Charging Party and Identified Claimant's portion and amount of monetary relief, if any, as well as the name and address to which each Identified Claimant's portion and amount of monetary relief shall be delivered.

2. Within fifteen (15) business days of receiving the EEOC's Distribution List, Defendant shall send a check, via first class, certified mail, in the amount designated in the EEOC's Distribution List, to each Identified Claimant. Within five (5) business days of mailing the afore-mentioned payments, Defendant shall submit a copy of the checks and any related correspondence as well as a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012. The report shall show the amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed. If Defendant becomes aware that any of the checks issued in this case are returned or otherwise not executed, Defendant shall immediately notify the EEOC and cooperate with the EEOC to make ensure the checks are reissued.

3. The EEOC has designated that payments to the Identified Claimants will be paid to each in a non-wage compensation check, and no tax withholding shall be made. Defendant shall prepare and distribute 1099

tax reporting forms to each Identified Claimant and shall make any appropriate reports or payments for each to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuance and distribution of a 1099 tax reporting form to the Identified Claimants. Within five (5) business days of the issuance of any 1099 form, Defendant shall provide a copy of the related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012

B.  "Class Fund" for Unidentified Claimants

1.  The payment, if any, to the Unidentified Claimants shall be triggered by the EEOC's issuance of a Distribution List designating each Unidentified Claimant's portion and amount of monetary relief as well as the name and address to which the checks are to be delivered. Anyone eligible to receive monies shall be determined after a claims process is undertaken which is set forth below. The EEOC has full and complete discretion under the terms of this Decree to determine who is eligible and to determine the amount of any payment, if any, to be given to an Unidentified Claimant.

2.  Within fifteen (15) business days of receiving the EEOC's Distribution List(s), Defendant shall send a check, via first class, certified mail, in the amount designated in the EEOC's Distribution List(s), to each Unidentified Claimant at the addresses provided by the EEOC in its Distribution List(s). Within five (5) business days of mailing the afore-mentioned payments, Defendant shall submit a copy of the checks and any related correspondence as well as a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,

California 90012.  The report shall show the amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed.  If Defendant becomes aware that any of the checks issued in this case are returned or otherwise not executed, Defendant shall immediately notify the EEOC and cooperate with the EEOC to make ensure the checks are reissued.

3. The EEOC has designated that payments to the Unidentified Claimants will be paid to each in a non-wage compensation check, and no tax withholding shall be made. Defendant shall prepare and distribute 1099 tax reporting forms to each Unidentified Claimant and shall make any appropriate reports and payments for each to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuance and distribution of a 1099 tax reporting form to the Unidentified Claimants. Within five (5) business days of the issuance of any tax form(s), Defendant shall provide a copy of the related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

C. Claims Administrator

1. Within thirty (30) days of the Effective Date, Defendant shall hire and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the payment of the Class Fund for Unidentified Claimants as designated by the EEOC pursuant to this Decree.  If the Claims Administrator initially appointed by Defendant thereafter declines to serve or to carry out its duties under this Decree, Defendant shall have five (5) business days to notify the EEOC in writing of the need for a replacement Claims Administrator and the EEOC

| | | |
|---|---|---|
| 1 | | shall provide Defendant with three (3) new Claims Administrators from |
| 2 | | which Defendant shall select a replacement. |
| 3 | 2. | Defendant shall pay all costs associated with the selection and retention of |
| 4 | | the Claims Administrator as well as the performance of the Claims |
| 5 | | Administrator's duties under this Decree. |

D.     <u>Claims Notice Process</u>

      1.    Within sixty (60) days of the Effective Date, Defendant shall provide to the Claims Administrator a list of all employees who were terminated or resigned while taking a leave of absence for medical reasons and/or terminated for having accrued maximum points allowed pursuant to Defendant's Attendance policy in cases where points were awarded for taking any leave or time off, at any time between January 3, 2012, to the present. The list provided by Defendant shall include the employee's and/or former employee's last known address(es), phone number(s), and any other person identifying information to assist in identifying the unidentified potential claimant.

      2.    Within ninety (90) days of the Effective Date, the Claims Administrator shall, for any employee or former employee identified in Paragraph D.1, provide notice as follows:

            a.    send a questionnaire and Notice Letter provided by the EEOC via certified, first class mail (1) notifying the Potential Claimant of his or her ability to file a claim for monetary relief; (2) providing the Potential Claimant with instructions on how to file a claim on-line with the claims administrator; (3) providing the Potential Claimant with the opportunity to seek assistance in completing the on-line claim; (4) enclosing a claim form or forms; (5) providing contact information for the EEOC; and (6) informing Potential Claimants of their ability to seek reinstatement by informing them that they

will be considered for any position(s) open with Defendant for which they apply and are qualified, with or without accommodation.

    b.    Defendant or its Claims Administrator shall provide to the EEOC certification that the Claims Administrator mailed a questionnaire and Notice Letter to each such potential claimant.

    c.    Defendant or its Claims Administrator shall instruct the USPS to notify Defendant or its Claims Administrator of any undeliverable Notice Letters.

    d.    Should any letters be returned undeliverable, within twenty (20) days of any questionnaire and/or Notice Letter being returned to sender as undeliverable, Defendant or its Claims Administrator shall:

        i.    research such Potential Claimant's most-recent address and further use its best efforts, including a search of a database such as Accurint, to locate such employee,

        ii.    if Defendant or its Claims Administrator finds a more recent address for any such employee, resend the questionnaire and Notice Letter to the new address; and/or

        iii.    if Defendant or its Claims Administrator fails to find a more recent address for any such employee, Defendant or its Claims Administrator shall, within thirty (30) day intervals following the re-mailing of the questionnaire and Notice Letter provide to the EEOC information outlining efforts to locate such employee(s).

E.    <u>Claims Distribution Process</u>

    1.    At thirty (30) day intervals after mailing the first group of questionnaires and Notice Letters, Defendant or its Claims Administrator shall forward to

the EEOC any submitted claim forms received from any Potential Claimant.  The Claims Administrator shall provide Defendant and the EEOC electronic access to the claims forms filed on-line.  Defendant shall ensure that the Claims Administrator has access to the EEOC and that the Claims Administrator works with the EEOC to identify qualifying eligible claimants in accordance with the EEOC's criteria which are set forth in the questionnaire and Notice Letter.  The EEOC shall have the sole discretion to determine who is an eligible claimant.

2. The EEOC shall have the sole discretion to designate the amount of the Class Fund to be distributed to each Eligible Claimant.  The EEOC shall issue a Distribution List(s) to Defendant and the Claims Administrator.  Within ten (10) days of receipt of the EEOC's Distribution List, Defendant or its Claims Administrator shall forward via first class mail the full amounts to all individuals listed in the Distribution List(s). Each check will remain valid for 180 days. To the extent, the checks need to be reissued, EEOC will notify Defendant or its Claims Administrator.

3. At least every thirty (30) days after Defendant or its Claims Administrator issue checks pursuant to the Distribution List(s), Defendant or its Claims Administrator shall provide the EEOC with a copy of each canceled check, and identify any check not negotiated or returned non-negotiated to Defendant or its claim administrator, to enable the parties to track remaining funds for redistribution.

4.  The EEOC may subsequently issue additional Distribution List(s), as necessitated by further notice from Defendant or its Claims Administrator that any check issued to an identified class member or similarly-aggrieved individual was not negotiated within 90 days after issuance or was returned non-negotiated to Defendant or its Claims Administrator.

1    5.    On a quarterly basis throughout the duration of this Decree, Defendant
2          will notify the EEOC of any funds remaining in term of this Decree. The
3          EEOC may subsequently issue additional Distribution List(s).
4    6.    The EEOC shall designate a "Final Distribution List" which shall include,
5          in addition to any additional eligible individuals to be paid, any additional
6          amounts to be remitted to eligible individuals previously paid.
7          No further Distribution List shall be issued by the EEOC after the Final
8          Distribution List is provided to Defendant or its Claims Administrator.
9    7.    Within sixty (60) days of receipt of the EEOC's Final Distribution List,
10         Defendant or its Claims Administrator shall forward via first class mail to
11         each eligible individual payment for a gross amount equal to the full
12         amount set forth in the Final Distribution List.  Within five (5) business
13         days of mailing the afore-mentioned payments, Defendant or its Claims
14         Administrator shall submit a copy of the checks and any related
15         correspondence to Anna Y. Park, Regional Attorney, U.S. Equal
16         Employment Opportunity Commission, 255 East Temple Street, 4th Floor,
17         Los Angeles, California 90012.
18   8.    Within sixty days (60) after issuance of payments according to the Final
19         Distribution List, any remaining monies in the Class Fund can be donated
20         to a charity agreed upon by the Defendant and the EEOC that focuses on
21         issues involving disabilities.

## VIII.   GENERAL INJUNCTIVE RELIEF

### A.    Non-Discrimination

Defendant, its officers, agents, management (including all non-bargaining unit supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) implementing Attendance or Leave of Absence policies which do not provide exceptions when appropriate to provide reasonable accommodation to employees who are qualified individuals with disabilities and properly engage

in the interactive process; (b) suspending, terminating or taking any other adverse action against any employee pursuant to such Attendance or Leave of Absence policies based on an absence which should not be "chargeable" because it is required due to the employee being a qualified individual with a disability or perceived as or having a record of a disability[1].

B.     Non-Retaliation

Defendant, its officers, agents, management (including all non-bargaining unit supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant or its successors, or either of them, for his or her participation in the EEOC process relating to a charge contained within the scope of this matter, the investigation by the EEOC into this matter, participation in the Lawsuit, complaining about or opposing any employment practice made unlawful by the ADA relating to this matter or for asserting any rights under this Consent Decree.

C.     Unlawful Maximum Leave and/or Attendance Policies

Defendant, its officers, agents, management (including all non-bargaining unit supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby enjoined implementing any policy, procedure, or practice whereby they limit the amount of leave any employee or group of employees may take, and are instead enjoined to engage in the interactive process with any employee with a disability who requests leave as a reasonable accommodation and provide a reasonable accommodation where such an accommodation does not pose an undue hardship to Defendant.

//

//

//

---

[1] Nothing in this Decree creates an obligation to accommodate anyone with a perceived disability.

# IX. SPECIFIC INJUNCTIVE RELIEF

A.  Reinstatement

Throughout the term of this Decree, Defendant shall make an effort to reinstate any Claimant in this case, to the extent that there are positions available for which they apply, and for which they are qualified, with or without reasonable accommodation.  Any decision to rehire any former employee is within the sole discretion of Defendant.  Defendant shall report reinstatement information to the EEOC as required below in Section IX.H.8.

B.  ADA Coordinator

Within thirty (30) days after the Effective Date, Defendant shall appoint, with the EEOC's approval which will not be unreasonably denied, a Mueller employee, as the ADA Coordinator ("ADA Coordinator") to oversee Mueller's implementation of the terms of this Consent Decree.  The ADA Coordinator shall possess the knowledge, capability, organizational authority, and resources to monitor and ensure Mueller's compliance with the terms of this Consent Decree.  The ADA Coordinator shall also have a base of knowledge regarding the ADA and human resources.  Defendant shall assign the ADA Coordinator the responsibility of monitoring and ensuring Decree compliance and shall further hold the ADA Coordinator accountable for carrying out his or her responsibilities.  The ADA Coordinator shall be trained in how to carry out his or her duties.

The ADA Coordinator 's responsibilities shall include the following:

1.  Reviewing and revising Defendant's policies and practices to ensure compliance with the ADA and ADAAA as required by Sections IX.C. and IX. D.  of this Decree.

2.  Working with Defendant's human resources managers concerning employee requests for extended medical leaves of absence or other time off requests so that the policies and practices continue to conform with the ADA, ADAAA, employment anti-discrimination laws and the provisions of this Decree;

3.  Ensuring the posting and/or distribution of the revised Policy as required by Sections IX.C. and IX. D.  of this Decree;

4. Ensuring that effective training is provided to Defendant's employees on their rights and responsibilities under the ADA and ADAAA as required by Section IX.H.1 of this Decree;

5. Ensuring that effective training is provided to Defendant's supervisory employees, human resources staff as required by Sections IX.H.2 and IX.H.3 of this Decree;

6. Holding supervisory employees and human resources personnel, accountable for failing to engage in the interactive process with regard to leave of absence and time off requests, or failing to comply with Defendant's policies and procedures regarding leaves of absence and other related absence requests as a reasonable accommodation for qualified individuals with disabilities, as required by Section IX.F;

7. Ensuring that Defendant creates a centralized system of tracking requests for leaves of absence and other absence requests that are sought as an accommodation for qualified individuals with disabilities, as well as monitoring such requests in an Accommodation Log as required by Sections IX.E. and IX.I. of this Decree;

8. Preparing annual reports to the EEOC on Defendant's compliance as required by Section IX.J. of this Decree;

9. Ensuring that all reports required by this Decree are accurately compiled and timely submitted;

10. Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree; and

11. Monitoring and ensuring the distribution of any documents and posting of notice as required by this Decree.

C. Policies and Procedures

To the extent not already done so, within ninety (90) days of the Effective Date of this Consent Decree, Defendant shall review and, if necessary, revise its Leave of Absence and

Attendance plans, policies, procedures and guidelines to include measures for accommodating qualified individuals with disabilities. The revised policies and procedures shall include:

1. Clear and objective criteria which expressly prohibit disability discrimination, specifically related to discharge on the basis of requesting and/or requiring time off as a reasonable accommodation, retaliation, and failure to engage in the interactive process;

2. Assurance that employees who request or require time off as a reasonable accommodation due to disability or make a complaint of disability discrimination regarding the denial of time off or provide information related to such complaints will be protected against retaliation;

3. Assurance that properly trained human resources personnel shall be involved in the process of reviewing leave of absence and time off requests as part of the reasonable accommodation/interactive process;

4. A description of Defendant's process for requesting time off as a reasonable accommodation including: to whom an employee may make requests for accommodation (including the name, address, telephone and/or e-mail of the proper decision makers), the procedures for communicating such requests to the proper decision makers, identification of who is the decision maker in granting or denying a request for time off as request for accommodation, whom an employee may contact if they have questions about the process or if they need to follow up regarding a request for accommodation; a clear explanation of employees' rights and responsibilities under the ADA, the ADAAA, and this Decree, including that federal law requires Defendant to timely provide an available effective reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, which includes trainings, performance evaluations, discipline meetings, interactive processes, investigations, staff meetings, office equipment, company facilities, and

company events like award ceremonies, team-building activities, and formal social events where presentations are made;

5.  Assurance that the Defendant will make its best efforts to establish reasonable accommodation leave of absence and time off policies consistent with the ADA, including but not limited to utilizing any discretion available in creating and negotiating future collective bargaining agreements;

6.  A clear explanation of how employees qualify for a reasonable accommodation, including a fast-track process for certain physical or mental impairments that should be easily be concluded to be disabilities as listed at 29 C.F.R. § 1630.2(j)(3)(iii);

7.  A clear explanation of the duties of supervisory and human resources employees and Defendant's ADA Coordinator have in timely engaging in the interactive process with and providing effective reasonable accommodations to employees who are deemed disabled, pursuant to the guidance regarding what constitutes a disability set forth in 29 C.F.R. § 1630.2;

8.  A clear requirement that Defendant, including supervisory employees or human resource personnel or Defendant's ADA Coordinator, shall engage in open and frequent communication with its employees throughout the interactive process, including an early meeting with the applicant or employee to discuss possible effective accommodations and the provision of the name of the contact person that the applicant or employee can contact with questions or concerns at any time in the process;

9.  A clear requirement that Defendant, including supervisory employees or human resource personnel or Defendant's ADA Coordinator, shall review any accommodation decision with the applicant or employee, including a

written communication to the applicant or employee of the decision and reasons for the denial of accommodation request;

10.   A clear explanation of the duties of supervisory and human resources employees and/or Defendant's ADA Coordinator in conducting a follow-up meeting with the applicant or employee to evaluate the continued effectiveness of any accommodation provided and to discuss whether further engagement in the interactive process if necessary.

11.   Assurance that Defendant look at each leave request and time off request made by a qualified individual with a disability on an individualized basis, that Defendant will engage in a good faith interactive process with the employee in attempting to provide the requested accommodation, and that requests for accommodations shall only be denied if granting the request would pose an undue hardship upon Defendant;

12.   Removal of requirement that employees who are on leave due to a medical condition for a specified time period be terminated and assurance that Defendant and its ADA Coordinator will consider additional leave as a form of accommodation and will consider the duration of such leave on a case by case basis pursuant to Defendant's obligation to engage in interactive process and provide a reasonable accommodation under the ADA.  Defendants confirm that the requirements will be removed within 90 days from the effective date;

13.   To the extent permissible under Union contracts, assurance that if there is no reasonable accommodation that will enable an employee seeking an accommodation to perform the essential functions of their position, Defendant will consider reassignment to a vacant position that the employee is qualified to perform the essential functions with or without a reasonable accommodation.  Defendant shall attempt to first identify position(s) equivalent in pay, hours, and benefits to which an employee

may be transferred and if there is no equivalent position(s), Defendant will provide opportunity for reassignment to lower position(s).  When seeking reassignment of employees, Defendant will be responsible for identifying vacant and open positions for which the employee is qualified;

14. Emphasizing that Defendant's revised policies under the ADA contains no requirement that employees be released to work without restriction or released to full duty.  Assurance that Defendant will consider whether the employee can perform the essential functions of their position with or without reasonable accommodation;

15. A procedure for communicating with the employee in writing regarding the status of his/her request for additional leave as reasonable accommodation;

16. Assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination or retaliation has occurred due to an employee's request for additional leave as a reasonable accommodation; and

17. Assurance that Defendant will institute a procedure to ensure accountability by its managers and supervisors upon discovery of any violation of the ADA.

18. Notwithstanding the foregoing, it is understood that any obligations under this Consent Decree related to leaves of absence and other absent requests plan may be subject to a bargaining obligation under the National Labor Relations Act.  Accordingly, if necessary to satisfy a bargaining obligation, the timetable for compliance by Defendant set forth in this Consent Decree may be extended as long as necessary.

D. <u>Complaint Procedure</u>

Defendant, with the assistance of its ADA Coordinator, shall also review and, if necessary, revise its written policies and procedures regarding its complaint procedure for complaints of disability discrimination. Such revised policies and procedures shall include:

1.     A clearly described complaint process that provides accessible and confidential avenues of complaint with the contact information, including name, address, and telephone number, of persons both internal (i.e. human resources and/or Defendant's ADA Coordinator) and external to Defendant (i.e. the EEOC) to whom employees or applicants for employment may report discrimination including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management.

2.     Assurance that employees who make complaints of disability discrimination or provide information related to such complaints will be protected against retaliation;

Within thirty (30) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the revised Policy as required by Sections IX.D. and IX.E.

Within sixty (60) days of the Effective Date, and on an annual basis thereafter, Defendant shall ensure that it has distributed the revised Policy required by Sections IX.D. and IX.E. to all employees, including management/supervisory employees. Defendant shall collect acknowledgments from each employee who receives the revised policy as required by Sections IX.D. and IX.E.

Within thirty (30) days of the hire date of any person hired after the initial distribution but within the term of the Decree, Defendant shall ensure that it has distributed revised the Policies and Procedures to that person. On an annual basis through the term of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

Such policy shall also be included in any relevant policy or employee manuals distributed to employees by Defendant.

Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy.

Within ninety (90) days of the Effective Date and throughout the duration of the Decree, Defendant shall ensure that it has physically posted the revised Policy in legible font in a conspicuous place at all of Defendant's facilities in an area accessible to all employees. Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Policy. Defendant shall annually affirm to the EEOC the Policy has been posted in the manner described above.

E.    Accommodation Log

Defendant's ADA Coordinator shall create and maintain an Accommodation Log that documents any time off or leave requested by a qualified individual with a disability as an accommodation for that employee. Defendant's ADA Coordinator shall retain all documents relating to any accommodation requests identified in the Accommodation Log. In the event an employee makes any subsequent request to modify an accommodation by requesting additional time off or an additional leave of absence, Defendant's ADA Coordinator shall include in the Accommodation Log the information required by this section. The Accommodation Log shall include the following information:

1.    Name of person making the request;

2.    Date of the request;

3.    Physical or mental impairment;

4.    Any person to whom the request for accommodation was made;

5.    Accommodation(s) requested, if any;

6.    Any person involved in the interactive process;

7.    Any records or documents made or reviewed in the course of engaging in the interactive process;

8.    Any person involved in the decision-making process regarding the request for accommodation;

9.    Accommodation provided, if any;

10.   The reason for the decision to provide or refuse any accommodation;

11.  Complaints made by individuals regarding accommodation issues, issues regarding being denied leave request due to disability, or issues related to retaliation arising from complaining about the denial of disability time off; and

12.  Whether any modification or additional accommodations in conjunction with the original accommodation were sought and if such requests were granted or denied.

Defendant shall make the afore-mentioned records available to the EEOC within ten (10) business days following a written request by the EEOC beyond the annual reporting requirement.

F.  Posting of Notice of Consent Decree and Settlement

Within ten (10) days of the Effective Date, and throughout the first year of the Effective Date of this Decree, Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement (attached to this Decree as Exhibit A) in a conspicuous place accessible to all non-union employees.  Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree and Settlement.

G.  Training

1.  Training of All Employees (Managers, Supervisors, HR, But Also Including Non-Managerial, Non-Supervisory, Non-HR): Mandatory One-Hour Video  Training

Within one hundred and twenty (120) days of the Effective Date and annually thereafter for the duration of the Decree, Defendant shall provide training via customized video presentation lasting at least sixty (60) minutes to all Defendant's employees containing the content outlined in this subsection.  This training shall be moderated in order to allow questions and answers, shall be delivered in a language the employees understand, and shall include coverage of:

a.  The role and purpose of the ADA/ADAAA and its prohibitions and provisions, including the prohibition against unlawful discrimination,

harassment and retaliation, and the requirement that employers provide reasonable accommodations to qualified individuals with disabilities;

b. Examples of qualifying disabilities (pursuant to the guidance found in 29 C.F.R. § 1630.2) and reasonable accommodations, with emphasis on requests for extended medical leave of absence;

c. Defendant's ADA policies and process for requesting accommodations, including: to whom an employee may make requests for accommodation (including the identity and contact information for Defendant's Internal Monitor and/or proper decision makers), the procedures for communicating such requests to the proper decision makers, and whom an employee or applicant may contact if they have questions about the process or if he/she needs to follow up regarding a request for accommodation;

d. Other relevant Company policies and procedures, including those related to leaves of absence and other requests for absences and the potential for qualified individuals with disabilities to request time off as a reasonable accommodation; and

e. How to report concerns about potential disability discrimination, the interactive process, improper denial of a reasonable accommodation, and retaliation.

This customized video presentation will be recorded and available for viewing within the time-frame set forth in this Subsection. Defendant will also provide such training to any newly hired employee as part of new hire orientation within 60 days of beginning employment, or at the annual training within the term of the Decree, whichever comes first. All persons required to attend such training shall verify their attendance in writing.

2. Training of Managers and Supervisors—One-Hour Live Webinar With Moderator, Plus One-Hour Video Training (Total Training for This Group = Two Hours)

Within one hundred and twenty (120) days of the Effective Date and annually thereafter for the duration of the Decree, in addition to the one-hour video training for all employees outlined in Subsection (1) above, Defendant shall also provide training via live, interactive webinar lasting at least sixty (60) minutes to all managers and supervisors. In addition to a recap of the content outlined in Subsection (1) above, this training will further cover:

    a.   The prohibition against discrimination, harassment and retaliation under the ADA in supervisory/management decision making;

    b.   Types of possible accommodations, including leaves of absence;

    c.   Importance of the confidentiality of employee medical information and manager/supervisor responsibilities in this regard;

    d.   How to recognize employee requests or need for accommodation, the supervisor's/manager's role in the interactive process, and how to engage Defendant in assisting an employee through that process;

    e.   Revised Company policies concerning the ADA, including, but not limited to: policies on leaves of absence as potential reasonable accommodations under the ADA and how they apply to qualified individuals with disabilities who require time off of work due to their disabilities (whether or not FMLA applies), and requests for return to work following such a medical leave of absence; and

    f.   The manager's/supervisor's role in implementing and monitoring the effectiveness of provided accommodations.

This live webinar will be recorded for supervisors/managers who are unable to attend the originally scheduled session. Defendant will present, with the presence of a moderator for questions and answers, the recorded webinar training quarterly for any newly hired employee or any employee newly promoted to a supervisor/manager position, or such employees shall participate in the annual live webinar training within the term of the Decree if such training comes first. All persons required to attend such training shall verify their attendance in writing.

3. **Training of Human Resources—Live, Interactive Three-Hour Training (Total Training for This Group = Five Hours)**

Within one hundred and twenty (120) days of the Effective Date and annually thereafter for the duration of the Decree, in addition to the one-hour video training for all employees outlined in Subsection (1) above and the one-hour webinar training for supervisors/managers outlined in Subsection (2) above, Defendant shall also provide live, interactive training lasting at least three hours to all human resources personnel, and any other staff members who are responsible for handling requests for reasonable accommodation. In addition to a recap of the content outlined in Subsections (1) and (2) above, this training will further cover:

      a.   The history and purpose of the ADA and the most recent amendments;

      b.   How the interactive process works, including the importance of communicating with the employee and his/her managers/supervisors to assess the needs of the employee and the operational realities of the work environment;

      c.   Documentation issues, including requesting information from appropriate healthcare providers, confidentiality, and scope of requests for medical information;

      d.   The importance of monitoring accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation process;

      e.   Complex accommodation issues, such as managing the performance of employees, requests for schedule or task changes, and reassignment discussions;

      f.   Handling complaints/concerns raised by employees or managers/supervisors about potential discrimination, harassment, retaliation, or the accommodation process;

      g.   Defendant's obligations under this Decree, including the duties regarding the Accommodation Log; and

h. Reviewing and assessing whether the interactive process was properly conducted, including determining the needs of disabled individuals to ensure they were provided a meaningful opportunity to engage in the interactive process.

This live, interactive training will be recorded for human resources employees and any other staff members who are responsible for handling requests for reasonable accommodation who are unable to attend the originally scheduled session. Individuals identified for training in this section will participate in such training within 60 days of either the originally scheduled session or of being hired (with the assistance of a moderator for questions and answers), or will participate in the annual live training within the term of the Decree if such training comes first. All persons required to attend such training shall verify their attendance in writing.

4.      Verification of Training

Within one hundred and eighty (180) days of the Effective Date and annually thereafter, Defendant shall produce to the EEOC reasonable documents verifying the occurrence of all training sessions conducted as required under this Decree, including any written training materials used, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session. The EEOC shall have the right to attend the trainings described in the Decree. Thirty (30) days prior to any live training, Defendant shall provide written notice to EEOC including the time, location, and name and contact information of the trainer. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

H.      Reporting

Defendant through its ADA Coordinator shall provide the following reports annually throughout the term of the Decree:

1.      The attendance lists for all training sessions required under this Decree that took place since the previous report;

2. Acknowledgments of receipt of the Policy for all employees hired since the previous report;

3. A description of all disability discrimination and/or retaliation complaints made related to leaves of absence or absenteeism related to a qualified individual with a disability including under the Attendance policy since the submission of the immediately preceding report hereunder. This description shall include the names of the individuals alleging discrimination or retaliation; the nature of the complaint; the names of the alleged perpetrators of discrimination or retaliation; the dates of the alleged discrimination or retaliation; a brief summary of how each complaint was resolved; and the identity of the employee(s) who investigated and/or resolved each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report;

4. Verification that the Notice of Consent Decree and Settlement and Policy has continued to be posted in a conspicuous place accessible to all employees;

5. In the event Defendant utilizes a temporary staff agency ("TSA") to supply workers at its facilities during the term of this Decree, Defendant agrees that it shall take reasonable steps during the term of the Decree to ensure that the TSA is in compliance with the ADA and ADAAA, and Defendant will provide a list of all employees, including but not limited their name, job title, date assigned to work at Defendant's facilities and starting date (if different), last date of assignment with Defendant; who worked and/or were assigned to work at Defendant's facilities and whose assignment with Defendant ended because of a medical reason, and/or whose assignment with Defendant ended because they violated Defendant's leave and/or attendance policies.

6. The status of Defendant's compliance with the terms of the Decree;

7. Whether any revisions of Defendant's policies and procedures regarding reasonable accommodation, specifically leaves of absence and time off related to disability, or retaliation have occurred since the preceding report, including a copy of the revised policies or procedures; and

8. All identifying information regarding the Reinstatement Claimant(s) including:

(a) the name(s) of the Potential Claimant(s) who seek/sought reinstatement, the date it was notified of the Potential Claimants' interest in reinstatement, and the position(s) they are interested in reinstatement;

(b) the date Defendant contacted and notified the Potential Claimant(s), who indicated that they were interested in reinstatement, to apply'

(c) its decision as to whether or not it hired the Potential Claimant(s) and/or if it still considering the Potential Claimant(s) for re-employment;

(d) the name(s) of the Potential Claimant(s) who are/were re-employed;

(e) for any Reinstatement Claimant who requests an accommodation: (i) the name of the requesting employee; (ii) accommodations requested; (iii) details of the interactive process; (iv) what accommodation was made, if applicable; and (v) whether an accommodation was denied and why; and

(f) if the reinstated Claimant and/or Potential Claimants is later terminated by Defendant, Defendant shall notify the Commission the reason(s) for such termination;

9. the Accommodation Log; and

10. Defendant shall report to the EEOC what positions are open, the dates and locations for such open positions, and report what efforts were made by Defendant to fill those positions by Potential Claimants who have indicated that they were interested in reinstatement.

//

//

## X.    **MISCELLANEOUS PROVISIONS**

A.     During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any of all of Defendant's facilities, or any other material change in corporate structure. Defendant shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure.

B.     During the term of this Decree, Defendant shall assure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

D.     This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

## XI.    **COSTS AND ATTORNEYS' FEES**

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including but not limited to the distribution of the settlement money as well as any costs associated with the claims administration process. Each party shall bear its own costs of suit and attorneys' fees.

//
//
//
//
//
//

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Anna Y. Park

Date: _____     By: _____
                                     Anna Y. Park
                                     Attorney for Plaintiff
                                     EEOC


Date: _____     By: _____
                                     Helene Wasserman
                                     Attorney for Defendant
                                     Mueller Industries, Inc.

## ORDER

**GOOD CAUSE APPEARING:**

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate. The Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the provisions thereof are hereby approved.

**IT IS SO ORDERED.**

DATED: <u>July 13, 2018</u>

The Honorable George H. Wu
United States District Judge